IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| OLAJUWON FOY, : <br> : <br> Plaintiff, : <br> : <br> VS. : <br> : **7 : 13-CV-52 (HL)** <br> MARTY ALLEN, TONJA WILLIAMS, : <br> and JAMES FOSTER, : <br> : <br> Defendants. : | |

**RECOMMENDATION**

The Plaintiff filed this action in April 2013, raising allegations of denial of access to the courts and retaliation while housed at Valdosta State Prison. Since sending a letter to the Clerk of Court on November 1, 2013, the Plaintiff has taken no action in this matter and has had no contact with the Court. (Doc. 21). Copies of the Court's last Report and Recommendation and three (3) Orders in this matter were mailed to the Plaintiff at his last known address on January 14, 2014, January 9, 2014, February 3, 2014, and February 18, 2014 respectively, and these service copies were returned to the Clerk of Court as undeliverable, all bearing the notation that Plaintiff had been "released". (Docs. 25, 26, 28, 31).

The Plaintiff has failed to diligently prosecute this action, inasmuch as he has failed to take any action on his Complaint since November 1, 2013 and has failed to keep the Court informed as to his current address. Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding

*pro se* are not exempt from this requirement of diligent prosecution. *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989). The Court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962).

A review of this entire action reveals a clear record of delay or willful contempt on the part of the Plaintiff. Over five (5) months have passed since the Plaintiff's last direct contact with the Court. Additionally, Plaintiff has failed to respond to the Court's Order dated February 18, 2014 directing a response to Defendants' Motion to Dismiss, and multiple returned mailings evidence Plaintiff's failure to keep the Court informed as to his current address. The Court finds that lesser sanctions will not suffice. Inasmuch as the Plaintiff has failed to proceed in any substantive way with the litigation of this lawsuit in over five (5) months, has failed to respond to the Court's notification Order, and has failed to keep the Court informed as to his current address, it is the recommendation of the undersigned that this action be **DISMISSED.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 15th day of April, 2014.

                                                s/ ***THOMAS Q. LANGSTAFF***
                                                UNITED STATES MAGISTRATE JUDGE